IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-450 |
| CHRISTOPHER G. WRIGHT<br>RAVINDER S. CHAWLA<br>ANDREW TEITELMAN | :<br><br>: | |

### O R D E R

AND NOW, this            day of            , 2015, upon consideration of the Government's Motion to Dismiss Indictment, it is hereby

ORDERED

that Indictment No. 08-450 is dismissed with prejudice.

BY THE COURT:

_____
HONORABLE EDUARDO C. ROBRENO
*Judge, United States District Court*

- 4 -

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-450 |
| CHRISTOPHER G. WRIGHT<br>RAVINDER S. CHAWLA<br>ANDREW TEITELMAN | :<br><br>: | |

### GOVERNMENT'S MOTION TO DISMISS INDICTMENT

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Jennifer Arbittier Williams, Assistant United States Attorney for the district, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, moves this Court to dismiss the indictment in the above-captioned matter, and in support of its motion states:

1. On August 5, 2008, a grand jury issued an Indictment charging the defendants in a 14-count indictment with conspiracy in violation of 18 U.S.C. § 371; honest services mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346; mail fraud in violation 18 U.S.C. § 1341; and bribery in violation of 18 U.S.C. § 666.

2. On February 24, 2009, after a lengthy trial, the jury found the defendants guilty as follows: (a) Count 1 (conspiracy) -- Wright, Teitelman, and Chawla were found guilty; (b) Count 3 (honest services wire fraud) -- Chawla was found guilty; (c) Count 10 -- Wright, Chawla and Teitelman were found guilty; and (d) Count 12 (traditional money/property fraud) -- Wright, Chawla, and Teitelman were found guilty.  The jury reached verdicts of not guilty on the remaining counts.  A fourth defendant, Hardeep Chawla, was acquitted on all counts.

3. The three convicted defendants appealed their convictions and sentences. While their appeals were pending, the Supreme Court issued its decision in *Skilling v. United States*, 561 U.S. 358 (2010), holding that the honest services fraud statute does not criminalize behavior beyond bribery and kickbacks. The defendants, who had already served approximately 9-10 months in prison, were at this point released on bail pending appeal.

4. On January 4, 2012, the Third Circuit released its opinion in this case, holding that although the evidence was sufficient to convict the defendants on each count of conviction, the defendants were entitled to a new trial on all counts of conviction in light of *Skilling*. *United States v. Wright*, 665 F.3d 560, 577-78 (3d Cir. 2012).

5. The defendants then filed a joint motion before this Court to limit the scope of retrial, arguing among other things that the government is barred by the principle of collateral estoppel from relitigating certain issues decided in the defendants' favor at the first trial, under *Ashe v. Swenson*, 397 U.S. 436 (1970). On February 4, 2013, after oral argument, this Court issued an Order granting in part and denying in part the defendants' joint motion.

6. On March 15, 2013, a hearing was held during which the parties offered proposed guilty pleas, submitted under Federal Rule of Criminal Procedure 11(c)(1)(C), by Chawla and Teitelman to 18 U.S.C. § 371 (Conspiracy), and by Wright to 18 U.S.C. § 3(Accessory After the Fact), arising from their involvement in a false HUD-1 Settlement Statement made in or about June 2006, which pleas were not accepted.

7. The defendants then filed an interlocutory appeal of this Court's decision denying in part their joint motion to limit the scope of retrial. On February 23, 2015, the Third Circuit issued an opinion and order dismissing the appeal for lack of jurisdiction, and remanding

the case for further proceedings. This Court thereafter issued an order specially listing the case for trial on September 9, 2015.

8. While preparing for retrial in this case, the government recently learned of new witness-related developments due to the passage of time which lead the government to believe that it can no longer prove its case beyond a reasonable doubt under applicable law.

9. Under these circumstances, the government submits that it is in the interests of justice to dismiss the indictment.

WHEREFORE, the government respectfully requests that the Court dismiss the indictment against the defendants, with prejudice.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

JENNIFER ARBITTIER WILLIAMS
Assistant United States Attorney

Dated: 05-08-15

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion To Dismiss Indictment has been served via email upon:

Lisa A. Mathewson, Esquire
The Law Offices of Lisa A. Mathewson, LLC
123 South Broad Street, Suite 810
Philadelphia, PA 19109

Peter Goldberger, Esq.
50 Rittenhouse Place
Ardmore, PA   19003

Ellen C. Brotman, Esq.
Griesing Law LLC
1717 Arch Street
Suite 3630
Philadelphia, Pennsylvania 19103

Dennis Cogan, Esquire
2000 Market Street
Suite 2925
Philadelphia, PA 19103


_____
JENNIFER ARBITTIER WILLIAMS
Assistant United States Attorney

Date: 05-08-15